George R. PARKER, Appellant,

v.

The STATE of Texas, Appellee.

No. 59030.

Court of Criminal Appeals of Texas, Panel No. 1.

Oct. 7, 1981.

Rehearing Denied Jan. 27, 1982.

Bill Frizzell, Houston, for appellant.

Carol S. Vance, Dist. Atty. & Alvin M. Titus & Mike Wilkinson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and W. C. DAVIS, J.

## OPINION

W. C. DAVIS, Judge.

The appellant was convicted of aggravated robbery and sentenced to eight years confinement by the trial court.

In ground of error two, the appellant contends that the trial court erred in finding the appellant guilty of aggravated robbery because the State's motion to reduce the charge to robbery was granted by the court prior to trial. The docket sheets of the court, which appear in the record before us, reflect that on July 5, 1977, court granted the State's motion to reduce the offense to robbery and the appellant pled guilty to the offense in open court, after being admonished of the consequences of such a plea. The docket sheets further recite that on July 5, 1977,

"THE COURT FOUND THE DEFENDANT GUILTY; AND THAT SAID DEFENDANT COMMITTED THE SAID OFFENSE ON THE 4TH DAY OF FEBRUARY A.D. 1977 at which time the Court recessed until 8–25–77. The Court granted a bond reduction to $10,000.00 to which the Defendant was granted a bond reduction to $10,000.00 to which the Defendant was granted a personal recognizance bond. A pre-sentence investigation is to be conducted of the defendant."

The next docket sheet entry is dated August 25, 1977. The entry appears as follows,

"THE COURT ALLOWED THE DEFENDANT TO WITHDRAW HIS PLEA OF GUILTY AND ENTER A PLEA OF NOT GUILTY."

On October 14, 1977, the appellant appeared for trial and entered a plea of not guilty. The Court found the appellant guilty of aggravated robbery. The statement of facts on October 14, 1977 reflect that the trial judge stated:

"THE COURT: Mr. Parker, in Cause No. 259,414 in which you've been charged with the offense of aggravated robbery, you have filed with the Court a waiver of trial by jury in felony less than capital. This was filed on July the 5th, 1977. Since that time you have been allowed to withdraw a plea of guilty to this Court and it has been set down for trial."

The reason for allowing the appellant to withdraw his plea does not appear in the record.

In *McWherter v. State*, 571 S.W.2d 312 (Tex.Cr.App.1978), it is stated:

"A liberal practice prevails in this state concerning the withdrawal of a guilty plea. *Garcia v. State*, 91 Tex.Cr.R. 9, 237 S.W. 279 (1921); *Stanton v. State*, 159 Tex.Cr.R. 275, 262 S.W.2d 497 (1953). It is well established that where a guilty plea is before a jury the accused may at any time before the retirement of the jury withdraw his plea and thus put upon the State the burden of proving his guilt

beyond a reasonable doubt. *Alexander v. State*, 69 Tex.Cr.R. 23, 152 S.W. 436 (1912); *Garcia v. State*, supra; *Stanton v. State*, supra; *Darden v. State*, 430 S.W.2d 494 (Tex.Cr.App.1968); *Reyna v. State*, 434 S.W.2d 362 (Tex.Cr.App.1968); *Lewis v. State*, 438 S.W.2d 816, 818 (Tex. Cr.App.1969). See also *Ralls v. State*, 151 Tex.Cr.R. 146, 205 S.W.2d 594 (1947). Thus, the accused may as a matter of right withdraw his guilty plea without assigning reason therefor at any time before the retirement of the jury, but thereafter, however, the withdrawal of the plea would be within the discretion of the court."

In *Sullivan v. State*, 573 S.W.2d 1 (Tex. Cr.App.1978) the defendant waived a trial by jury and entered a plea of guilty to the offense of rape. The State introduced the defendant's sworn stipulation of evidence. Afterward, the trial court found the defendant guilty and ordered a pre-sentence investigation be conducted prior to sentencing. On the day of the sentencing, the defendant introduced evidence which raised the issue of his guilt; thus, maintained the defendant on appeal, the trial judge should have withdrawn his guilty plea sua sponte.

This court found that the trial court was under no obligation to withdraw the defendant's plea of guilty when the evidence adduced at the punishment hearing came almost one month after he had been adjudged guilty by the trial court. The court in *Sullivan*, quoting from *Ralls v. State*, 151 Tex.Cr.R. 146, 205 S.W. 594 (1947) stated:

"where a guilty plea is entered before the court, '. . . the judge takes the place of the jury and when the formalities have been complied with, the evidence heard, and the judge takes the case under advisement it is very similar to the retirement of the jury to consider its verdict. In the present case, however, the judge announced that he found appellant guilty; that was his judgment on that phase of the case, and he only took under advisement whether to suspend the sentence. The judgment of the court was his announcement of what he had decided to do, the entry of same in the records of the court was evidence of the judgment.'"

■ In the instant case, the appellant was allowed to withdraw his plea of guilty after he had been found guilty of the offense of robbery. The decision to allow appellant to withdraw his plea weeks after he had been adjudged guilty was within the trial court's discretion; however, the effect of the trial court's action was to grant the appellant a new trial.

■ Article 37.14, Vernon's Ann.C.C.P. provides:

"If a defendant, prosecuted for an offense which includes within it lesser offenses, be convicted of an offense lower than that for which he is indicted, and a new trial be granted him, or the judgment be arrested for any cause other than the want of jurisdiction, the verdict upon the first trial shall be considered an acquittal of the higher offense; but he may, upon a second trial, be convicted of the same offense of which he was before convicted, or any other inferior thereto."

See *Welcome v. State*, 438 S.W.2d 99 (Tex. Cr.App.1969). In applying this statute to the situation presented, we hold that the adjudication of guilt for the offense of robbery operated as an acquittal for the higher grade of offense, aggravated robbery. Thus, appellant's conviction was unauthorized.

The judgment is reversed and remanded.

Before the Court en banc.

### OPINION ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

On original submission appellant's conviction for aggravated robbery was reversed because he had previously been convicted in the same cause for robbery and subsequently was granted a new trial by the trial court. We held the first conviction for robbery operated as an acquittal of the greater offense of aggravated robbery, and thus was a bar to the conviction on retrial for that greater offense.

We granted the State's motion for leave to file motion for rehearing in this case because of its contention that our decision on original submission "could mean the demise of plea bargaining in the State of Texas as we know it today." On reexamination of this case we find the record does not show a plea bargain was involved here. The State concedes as much in its brief when it argues, "This Court judicially knows that the vast majority of criminal cases are disposed of by 'plea bargains.' And we believe it safe to assume that that is exactly what happened in the first trial of the instant case." We can make no such assumption; we are bound by the record.

Also, the State's fears of an adverse impact on the plea bargaining process by the doctrine of jeopardy fails to take consideration of the fact that the new trial permitted by the trial court here was purely discretionary. Appellant was allowed to withdraw his guilty plea after he had been convicted of robbery. Appellant in this case did not exercise some form of procedural trickery to escape his part of any hypothetical plea bargain while keeping the State bound. To describe what occurred here, as is done in the State's brief, as a situation where "the State is bound by its 'promise' when the defendant breaks his," is to misrepresent what happened. If there was a plea bargain, appellant did not break his part but was released from it by a discretionary ruling by the trial court. Any opposition to such a release should be addressed to the trial court at the time withdrawal of the guilty plea is sought. This Court's opinion on original submission did not create an escape clause for plea bargaining defendants that will leave the plea bargaining prosecutors bound to their half of the bargain. It simply enforced the jeopardy protection that arose out of the first conviction.

The motion for rehearing is overruled.