The STATE of Texas, Appellant,

v.

Jerrell GENT, Appellee.

No. 09-93-163 CR.

Court of Appeals of Texas, Beaumont.

Submitted Oct. 6, 1994.

Decided Nov. 23, 1994.

Rehearing Overruled Dec. 15, 1994.

David S. Barron, Dist. Atty., Anderson, for state.

Douglas M. O'Brien, Houston, for appellee.

Before WALKER, C.J., and
BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

This is a State's appeal from the granting of a motion for new trial and motion in arrest of judgment. Jerrell Gent was indicted for possession of marijuana in an amount in excess of 2,000 pounds. The case was pending in the 12th District Court, Judge William L. McAdams presiding. The parties reached a plea bargain agreement while Judge Aaron Stilley was sitting as a visiting judge. The terms of the bargain were expressed by defense counsel during a pretrial conference regarding enforcement of the specific terms of the plea:

> [By Defense Counsel:] We're saying all we're trying to do is get the plea as we entered specifically enforced, which was to have Judge Stilley assess punishment. That was one of the terms. The other was that it was to be reduced to a second degree felony. The other term of the plea was that he would dismiss the other charge.

Gent pleaded guilty to possession of 5 to 50 pounds of marijuana. Judge Stilley recused himself after Judge McAdams expressed his desire to preside over sentencing. Gent sought a writ of mandamus against Judges McAdams and Stilley for specific performance of the terms of the plea bargain, but the Tenth Court of Appeals denied the writ on the rationale that an agreement to have a particular judge assess punishment was not enforceable so that Gent's only remedy was to withdraw his plea. Judge McAdams entered an order that Gent could at his option persist in his plea and go to either the court or the jury in punishment, or withdraw his plea. Gent elected to withdraw his plea of guilty.

The case was transferred, on a motion for change of venue, to the 359th District Court,

Judge James Keeshan presiding. No special pleas were filed. Gent plead nolo contendere to possession of 50 to 200 pounds of marijuana. Judge Keeshan found Gent guilty and assessed punishment at sixteen years' confinement in the Texas Department of Criminal Justice, Institutional Division. Gent filed a motion for new trial and motion in arrest of judgment, alleging that he had been acquitted of the higher offense of possession of 50 to 200 pounds of marijuana by virtue of the finding of guilt on the lesser offense of possession of 5 to 50 pounds of marijuana. Judge Keeshan granted both motions. The State appealed. TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(2) & (3) (Vernon Supp.1994).

The State of Texas raises three points of error:

> Point of error one: The trial court erred in granting appellee's motion for new trial and motion in arrest of judgment because the appellee failed to present a verified special plea to the court before trial alleging a double jeopardy violation.

> Point of error two: The trial court erred in granting appellee's motion for new trial and motion in arrest of judgment because the appellee waived his statutory prior acquittal claim under TEX.CODE CRIM.PROC. ANN. art. 1.14 (Vernon 1979).

> Point of error three: The trial court erred in granting appellee's motion for new trial and motion in arrest of judgment because the appellee's prior plea to the lesser included offense was made pursuant to an unenforceable plea bargain.

■ We review the trial court's decision to grant a new trial on an abuse of discretion standard. *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex.Crim.App.1993). We will reverse only when the trial court's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Cantu v. State*, 842 S.W.2d 667, 682 (Tex.Crim.App.1992).

■ The accused must allege the specific grounds for new trial in his motion. *See Gonzalez*, 855 S.W.2d at 694. Gent's motions were based on state procedural grounds: TEX.CODE CRIM.PROC.ANN. arts. 1.11 & 37.14 (Vernon 1977 and 1981), which provide:

**Art. 1.11. Acquittal a bar.** An acquittal of the defendant exempts him from a second trial or a second prosecution for the same offense, however irregular the proceedings may have been; but if the defendant shall have been acquitted upon trial in a court having no jurisdiction of the offense, he may be prosecuted again in a court having jurisdiction.

**Art. 37.14. Acquittal of higher offense as jeopardy.** If a defendant, prosecuted for an offense which includes within it lesser offenses, be convicted of an offense lower than that for which he is indicted, and a new trial be granted him, or the judgment be arrested for any cause other than the want of jurisdiction, the verdict upon the first trial shall be considered an acquittal of the higher offense; but he may, upon a second trial, be convicted of the same offense of which he was before convicted, or any other inferior thereto.

■ These statutes do not operate to bar prosecution unless 1) there has been an acquittal of the greater offense, 2) a conviction on the lower offense, and 3) a grant of a new trial. Gent contends "the trial courts [sic] initial finding of guilty to the second degree felony offense of possession of marijuana operated as an acquittal for the higher grand [sic] offense, first degree possession of marijuana." We disagree.

■ Gent cites the court to *Parker v. State*, 626 S.W.2d 738 (Tex.Crim.App.1982), which held that the adjudication of guilt for the lesser included offense of robbery operated as an acquittal of the greater offense of aggravated robbery, so that Article 37.14 precluded conviction for aggravated robbery after the trial court allowed the defendant to withdraw his plea prior to sentencing. The Court of Criminal Appeals later disavowed as misleading dicta the pronouncement in *Parker* that permitting withdrawal of a guilty plea was in effect the granting of a new trial. *Wilson v. State*, 698 S.W.2d 145, 146 (Tex. Crim.App.1985). Even if *Parker* is good law, the significant distinction between *Parker* and the case at bar is there was *no indication* of any plea bargain in *Parker*. The case at bar is governed by a line of case law which holds that where the defendant successfully

challenges a negotiated plea, the appropriate remedy is specific performance, if possible, and withdrawal of the plea if specific performance is impossible, with *both parties* being returned to their original positions without jeopardy bar. *Shannon v. State,* 708 S.W.2d 850 (Tex.Crim.App.1986). When a plea is withdrawn because the plea bargain is unenforceable, all of the parties are returned to their original positions as if no bargain had been made. *Id.* If the State's motion to reduce the charge is part of the bargain, the State will not be forced to try the defendant on the lesser offense.

Gent chose to withdraw his plea of guilt. The State's agreement to proceed on a lesser charge was induced by a plea bargain which was later repudiated by the defendant. The effect was to return both parties, including the State, to their original positions. Thus, Gent was never acquitted of the greater offense, nor was he convicted of the lesser offense, the entire proceeding having been rendered a nullity by the unenforceability of the plea bargain. Article 37.14 operates only where there has been an acquittal on the greater offense followed by the grant of a new trial on the lesser offense.[1]

Gent's motion for new trial was based upon grounds not supported by applicable law. We find an abuse of discretion by the trial court in granting the appellee a new trial. Point of error three is sustained. We decline to address the State's contentions regarding waiver. We reverse the judgment and remand the cause to the trial court.

### REVERSED AND REMANDED.

---

1. This case is before us on state procedural grounds rather than a claim of federal double jeopardy. We do note that jeopardy does not terminate if the motion for new trial is granted on grounds other than insufficient evidence. *Ex parte Queen,* 877 S.W.2d 752 (Tex.Crim.App. 1994). Obviously, there can be no double jeopardy if initial jeopardy continues.