**Aaron Wade STINE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–96–021–CR.**

Court of Appeals of Texas, Waco.

Oct. 16, 1996.

Phil Robertson, Clifton, for appellant.

Andy J. McMullen, District Attorney, Ben L. Stool, Asst. District Attorney, Hamilton, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

**OPINION**

CUMMINGS, Justice.

Appellant, Aaron Wade Stine, appeals from the trial court's refusal to issue a Writ of Habeas Corpus and discharge him from further prosecution in a retrial for attempted murder. On appeal, Stine argues that a retrial for attempted murder is barred by the double jeopardy clauses of both the United States and Texas Constitutions. U.S. CONST.

V, XIV; TEX. CONST. I, § 14. We will sustain the point of error and reverse the trial court's ruling.

In October 1992, Stine was indicted for attempted murder. TEX.PENAL CODE ANN. §§ 15.01(a), 19.02(b)(2) (Vernon 1994). A jury convicted Stine of the lesser-included offense of aggravated assault. TEX.PENAL CODE ANN. §§ 22.01(a)(1), 22.02(a)(1) (Vernon 1994). This court, in an unpublished opinion, reversed Stine's conviction and remanded the cause for a new trial, holding the trial court violated the Texas Constitution, TEX. CONST. art. V, § 7, when it convened one day of the trial at a hospital in Clifton, which is not the county seat of Bosque County.[1] We concluded the error was jurisdictional in nature. *Stine v. State*, No. 10–93–038–CR (Tex. App.—Waco, November 3, 1993) (not designated for publication). The Court of Criminal Appeals affirmed in *Stine v. State*, 908 S.W.2d 429, 433 (Tex.Crim.App.1995). The State, on retrial, has proceeded to reprosecute Stine on the original indictment, including the attempted murder charge. Stine filed an application for a writ of habeas corpus in the trial court, alleging that further prosecution on the charge of attempted murder is barred by double jeopardy. The trial court denied Stine's application, finding that Stine's reprosecution for attempted murder was not barred by double jeopardy under either the federal or state constitutions. U.S. CONST. V, XIV; TEX. CONST. I, § 14. It is from this ruling that Stine appeals.

■ Jurisdiction is the authority conferred upon a court by the constitution and laws of the state which allows a court to adjudicate litigants' rights and render a judgment. *See National Life Co. v. Rice*, 140 Tex. 315, 167 S.W.2d 1021, 1024 (Tex.1943); *see also Skillern v. State*, 890 S.W.2d 849, 859 (Tex.App.—Austin 1994, pet. ref'd) (juris-

diction is the authority of a court to try a case). In Texas, only the state constitution and the laws adopted by the state legislature can grant jurisdiction to the courts. *See Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim.App.1993); *see also* TEX. CONST. V, § 8.

District courts have original jurisdiction over all felony offenses. TEX.CODE CRIM. PROC.ANN. art. 4.05 (Vernon Supp.1996); *Boyle v. State*, 820 S.W.2d 122, 139 (Tex. Crim.App.1991) (citing *Ex parte Watson*, 601 S.W.2d 350, 351 (Tex.Crim.App.1980), *cert. denied*, 503 U.S. 921, 112 S.Ct. 1297, 117 L.Ed.2d 520 (1992)). Attempted murder is a felony of the second degree. TEX.PENAL CODE ANN. §§ 15.01(d), 19.02(c) (Vernon 1994). Therefore, the 220th District Court of Bosque County acquired jurisdiction over Stine when the indictment for attempted murder was properly filed. *Fairfield v. State*, 610 S.W.2d 771, 779 (Tex.Crim.App. [Panel Op.] 1981) (district courts obtain jurisdiction over a defendant accused of a felony when an indictment is properly filed).

■ We now turn to the question of whether, as the State contends, holding part of the trial in contravention of the Texas Constitution terminated the district court's jurisdiction over Stine.

The Texas Constitution mandates that a district court conduct its proceedings only at the county seat of the county in which the case is pending. TEX. CONST. V, § 7; *Howell v. Mauzy*, 899 S.W.2d 690, 699 (Tex.App.— Austin 1994, writ denied) (citing *Bridgman v. Moore*, 143 Tex. 250, 183 S.W.2d 705, 708 (1944)); *see also Turner v. Tucker*, 113 Tex. 434, 258 S.W. 149, 150 (1924); *Isbill v. Stovall*, 92 S.W.2d 1067, 1072 (Tex.Civ.App.— Eastland 1936, no writ). Furthermore, it has been held that a district court "has no power to adjudicate the rights of litigants except at

---

1. "The Court shall conduct its proceedings at the county seat of the county in which the case is pending, except as otherwise provided by law." TEX. CONST. art. V, § 7. The county seat has been defined as "the place where the county courthouse is located." *Howell v. Mauzy*, 899 S.W.2d 690, 699 n. 15 (Tex.App.—Austin 1994, writ denied) (citing *Bridgman v. Moore*, 143 Tex. 250, 183 S.W.2d 705, 708 (Tex.1944)). Stine's first trial for attempted murder was prosecuted before the 220th District Court of Bosque County. The

first day of trial was held in the county courthouse in Meridian. However, the complainant, Johney Verzwyvelt, was hospitalized in Clifton, Texas; consequently, the trial judge, upon agreement from both Stine and the State, reconvened the second day of trial at the Goodall–Witcher Hospital in Clifton where Mr. Verzwyvelt and his doctor, Mark Campbell, testified before the jury. The remainder of the trial was held in Meridian. *Stine v. State*, 908 S.W.2d 429, 430–31 (Tex.Crim. App.1995).

the time and places prescribed by law." *Stine,* 908 S.W.2d at 431 (citing *Lyons–Thomas Hardware Co. v. Perry Stove Mfg. Co.,* 88 Tex. 468, 27 S.W. 100, 109 (1894)). The Court of Criminal Appeals expressly stated that Stine's rights had been "adjudicated" during the proceeding which took place in the hospital. *Id.* 908 S.W.2d at 432. In light of that holding, it is apparent the district court had no authority to hold part of Stine's trial outside Meridian. However, "lack of authority" is not synonymous with "lack of jurisdiction." *See Mireles v. Waco,* 502 U.S. 9, 13, 112˙ S.Ct. 286, 289, 116 L.Ed.2d 9 (1991) (a trial court retains its jurisdiction over a matter even when it acts beyond its authority). We conclude that, even though the trial court was without authority to convene the second day of Stine's trial in Clifton's Goodall–Witcher Hospital, the trial court still retained its jurisdiction over Stine and his case. Therefore, when the jury was sworn and empaneled on the first day of Stine's trial, prior to the ill-advised jaunt to Clifton, jeopardy attached for the offense of attempted murder. *Downum v. United States,* 372 U.S. 734, 737–38, 83 S.Ct. 1033, 1035–36, 10 L.Ed.2d 100 (1963); *Ex parte Brown v. State,* 907 S.W.2d 835, 839 (Tex.Crim.App.1995).

Because we have found that Stine was put in jeopardy during his first trial, we must determine the effect of the jury's finding Stine guilty of the lesser-included offense of aggravated assault instead of the original charge of attempted murder. The United States Supreme Court was presented with a similar situation in *Green v. United States,* 355 U.S. 184, 185–86, 78 S.Ct. 221, 222–23, 2 L.Ed.2d 199 (1957). Green was charged with arson and first degree murder but the jury convicted him of arson and second degree murder. *Id.* at 185, 78 S.Ct. at 222. His second degree murder conviction was reversed and the case remanded for a new trial. *Id.* at 186, 78 S.Ct. at 223. On remand, Green was retried for first degree murder, and the jury returned a guilty verdict. *Id.* The verdict was affirmed on appeal, and the United States Supreme Court granted certiorari to determine if Green had been put in jeopardy twice for the offense of first degree murder. *Id.* 186–87, 78 S.Ct. at

223. The Court held the first jury's verdict, that Green was guilty of second degree murder, was "an implicit acquittal on the charge of first degree murder" and that such acquittal ends a defendant's jeopardy and bars subsequent prosecution for the same offense. *Id.* at 188, 190, 78 S.Ct. at 224, 225; *see also Iglehart v. State,* 837 S.W.2d 122, 127 (Tex. Crim.App.1992) (double jeopardy clause of the Texas Constitution provides protection from a second prosecution for the same offense after an acquittal).

*Green* is analogous to the present case. At his first trial, the jury had the option of finding Stine guilty of attempted murder, but elected to convict him of the lesser-included offense of aggravated assault. *Stine,* 908 S.W.2d at 430. Like Green, Stine was "forced to run the ga[u]ntlet once on [the charge of attempted murder] and the jury refused to convict him." *Green,* 355 U.S. at 190, 78 S.Ct. at 225. We therefore conclude that trying Stine a second time for attempted murder would put him in double jeopardy as prohibited by both the federal and state constitutions. *See Stephens v. State,* 806 S.W.2d 812, 815 (Tex.Crim.App.1990) (conceptually, the double jeopardy clauses of the federal constitution and the Texas constitution are the same). Consequently, we reverse the trial court's ruling denying Stine's application for a writ of habeas corpus and order that Stine be relieved from further prosecution for attempted murder, noting that double jeopardy does not bar the State from reprosecuting Stine for aggravated assault.

The cause is reversed and remanded for proceedings consistent with this opinion.