**Marvin Lester WINDOM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–94–00866–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

June 5, 1997.

Tom Zakes, Houston, for appellant.

Ernest Davila, Houston, for appellee.

Before COHEN, HEDGES and TAFT, JJ.

**OPINION**

COHEN, Justice.

A jury found appellant guilty of robbery. The trial judge found two enhancement para-

graphs alleging prior aggravated robberies to be true and assessed punishment of life in prison. We must decide whether the court had power to try appellant for aggravated robbery after granting a new trial following appellant's earlier conviction for the lesser included offense of robbery.

Appellant was indicted for aggravated robbery, but the State reduced the charge to robbery in exchange for his plea of no contest and an agreed 40–year sentence. For reasons not shown on the record, the judge on the same day granted appellant's motion for new trial.

Two days later, appellant was tried for aggravated robbery on the same indictment. The jury found appellant not guilty of aggravated robbery, but guilty of the lesser included offense of robbery.

In point of error three, appellant contends the trial court erred in submitting a jury charge on aggravated robbery. He contends the prosecution for the aggravated robbery offense was barred by the double jeopardy clauses of the Fifth Amendment to the United States Constitution and article I, section 14 of the Texas Constitution. In addition, he contends the prosecution for aggravated robbery was barred by Tex.Code Crim. P. Ann. art. 37.14 (Vernon 1981).

At least three Texas courts have held that once a jury acquits a defendant of a greater offense by convicting him only of a lesser included offense, it violates the double jeopardy clause to prosecute the defendant again for the greater offense. *Pope v. State,* 509 S.W.2d 593, 596 (Tex.Crim.App.1974) (reversal where defendant was convicted of a purported lesser offense, a new trial was granted, and he was then prosecuted again for the greater offense); *Konchar v. State,* 938 S.W.2d 500, 502 (Tex.App.—Tyler 1996, pet. filed) (reversal where defendant was indicted for attempted murder, was convicted of lesser offense of aggravated assault, and was retried on same indictment, although only the aggravated assault case was submitted to jury in second trial); *Stine v. State,* 935 S.W.2d 443, 445 (Tex.App.—Waco 1996, no pet.) (same). These cases follow the United States Supreme Court authorities, *Price v. Georgia,* 398 U.S. 323, 90 S.Ct. 1757, 26

L.Ed.2d 300 (1970), and *Green v. United States,* 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). In all of these cases, the defendants were acquitted of the greater offense by a judge's or a jury's finding on the merits. That differs from this case, in which appellant obtained his acquittal for aggravated robbery as the result of a plea bargain; no judge or jury made a finding on the merits acquitting him of aggravated robbery.

Both the Court of Criminal Appeals and this Court have held that this factual difference does not make a legal difference; an appellant acquitted as a result of a plea bargain is nevertheless protected from reprosecution. *Parker v. State,* 626 S.W.2d 738, 740–41 (Tex.Crim.App.1981) (op. on reh'g); *Boulos v. State,* 775 S.W.2d 8, 10–11 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). The Court of Criminal Appeals in *Parker* pointedly refused to hold, unlike the Beaumont Court of Appeals later in *Gent,* that no bar to reprosecution results when a charge is reduced as part of a plea bargain that is later set aside by the granting of a new trial. *See State v. Gent,* 887 S.W.2d 271, 273–74 (Tex.App.—Beaumont 1994, pet. ref'd) (refusing to follow *Parker*). We are bound by the decisions of our highest criminal court. Consequently, we decline to follow *Gent* and, as we did in *Boulos,* will continue to follow *Parker.*

■ Although *Parker* and *Boulos* are consistent with *Pope, Konchar,* and *Stine* on the effect of a judicial finding of acquittal on the merits as compared to a plea bargain for purposes of reprosecution, the two lines of cases differ in a significant aspect, one which governs the disposition of this case. *Pope, Konchar,* and *Stine* all rely on federal or state constitutional principles of double jeopardy. *Boulos,* by contrast, disavows any reliance on either double jeopardy clause and instead relies exclusively on Texas statutes. *Boulos,* 775 S.W.2d at 9. Likewise, *Parker* cites no constitutional provisions and no federal cases, although it mentions the word "jeopardy" one time. *Parker,* 626 S.W.2d at 741. The decision in *Parker* was based on

article 37.14.[1]  *Id.* at 740.  We adhere to our conclusion in *Boulos* that cases like this are controlled by Texas statutes.

Article 37.14  provides:

If a defendant, prosecuted for an offense which includes within it lesser offenses, be convicted of an offense lower than that for which he is indicted, and a new trial be granted him ... the verdict upon the first trial shall be considered an acquittal of the higher offense; but he may, upon a second trial, be convicted of the same offense of which he was before convicted, or any other inferior thereto.

TEX.CODE CRIM. P. ANN. art. 37.14.

This statute governs this case, as it did *Parker* and *Boulos*.  Appellant was prosecuted for aggravated robbery, an offense which includes within it lesser offenses.  He was convicted of the lower offense and was granted a new trial.  Thus, the verdict upon the first "trial" shall be considered an acquittal for the higher offense of aggravated robbery.  There is no question that a guilty plea constitutes a "trial" within the meaning of article 37.14, as *Parker* was a case in which the defendant pled guilty to robbery after being indicted for aggravated robbery and was then allowed to withdraw his plea and have a new trial.  *Parker*, 626 S.W.2d at 739.

The legal basis on which *Parker*, *Boulos*, and this case turn is important in fashioning our appellate disposition.  Because this case is governed by Texas statutes and cases, we need not decide whether the double jeopardy clause was violated, *see Price v. Georgia*, 398 U.S. at 323, 90 S.Ct. at 1757, or if it was, whether appellant must show prejudice, *see Morris v. Mathews*, 475 U.S. 237, 245–47, 106 S.Ct. 1032, 1037–38, 89 L.Ed.2d 187 (1986), or whether by moving for a new trial, appellant breached his plea agreement.  *See Ricketts v. Adamson*, 483 U.S. 1, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987).

▆▆▆ The State argues that appellant waived this error by failing to object to the jury charge.  We disagree.  In *Boulos*, we held that the "exemption" language of article 1.11 indicates that the trial court lacked power to adjudicate and that when a court lacks power to adjudicate, its judgment can be set aside even without a trial objection, even after a guilty plea, and even upon a collateral attack.[2]  *Boulos*, 775 S.W.2d at 10 (citing *Ex parte McAfee*, 761 S.W.2d 771, 772 (Tex.Crim.App.1988)).  Consequently, we hold that appellant did not waive this error by not objecting to the jury charge.  By pleading not guilty and bringing a direct appeal, appellant did more than the defendant in *McAfee*.  He did almost as much as the defendant in *Boulos*.  *See Boulos* 775 S.W.2d at 9, nn. 1, 10.  And the defendant in *Parker* both pled guilty and apparently made no trial complaint.  *Parker*, 626 S.W.2d at 738.[3]

---

1.  Reliance on article 37.14 also distinguishes *Parker, Boulos,* and this case from *Sorola v. State,* 769 S.W.2d 920 (Tex.Crim.App.1989).  In *Sorola,* the State waived the death penalty at the first trial, at which Sorola was convicted of capital murder and sentenced to life in prison.  *Id.* at 922.  He appealed, and that judgment was reversed.  *Id.* at 922–23.  He then brought a pretrial writ of habeas corpus to bar the State from seeking the death penalty at the next trial.  *Id.* at 923.  The court held that the State could pursue the death penalty at the next trial.  *Id.* at 927.  The court stressed three important facts as justifying its decision, none of which are present in this case:  (1) there was no finding of guilt for a lesser included offense of capital murder;  (2) the trier of fact did not make an express or implied finding in the defendant's favor at the punishment stage;  and (3) the trial court had no authority to discharge the jury at the punishment stage and assume its function by assessing punishment.  *Id.* at 926–27.  In this case, by contrast:  (1) there was a finding of guilt to a lesser included offense of aggravated robbery;  (2) un-der article 37.14, the judge did make an implied finding in appellant's favor;  and (3) the judge had authority to assess the punishment he assessed.  The lengthy *Sorola* opinion does not mention article 37.14, on which *Parker and Boulos* rely, and on which we rely in this case.

2.  Article 1.11 provides:  "An acquittal of the defendant exempts him from a second trial or a second prosecution for the same offense, however irregular the proceedings may have been."  TEX.CODE CRIM. P. Ann. art. 1.11 (Vernon 1981).

3.  One court has held that double jeopardy does not apply where a defendant, indicted for a jeopardy-barred offense, is convicted in a trial before the judge, rather than a jury, of a lesser included offense that is not barred by double jeopardy.  *Gooden v. State*, 828 S.W.2d 337, 339 (Tex.App.—Eastland 1992, pet. ref'd).  No authority is cited for this proposition in *Gooden*.  We note that the defendant in *Parker* waived a jury and was found guilty by the judge, but he was still allowed to invoke the statutory bar of article 37.14.  *Parker*,

We hold, based on *Parker* and *Boulos,* that appellant was entitled not to be tried on an indictment alleging the same aggravated robbery for which he had been acquitted. He may be retried for robbery, but only upon a new or amended indictment. *See Stell v. State,* 662 S.W.2d 96, 101 (Tex.App.—Houston [1st Dist.] 1983), *pet. dism'd, as improvidently granted,* 770 S.W.2d 570 (Tex.Crim. App.1984).

Point of error three is sustained. Therefore, other points of error need not be reached.

The judgment is reversed, and the prosecution for aggravated robbery is dismissed.

TAFT, J., concurs.

TAFT, Justice, concurring.

As an intermediate appellate court, we are bound by decisions of the Court of Criminal Appeals even when they lead to manifestly unjust results, as in the present case. Judicial restraint requires that I be bound, but I will not be gagged. I urge the Court of Criminal Appeals to reexamine its decision in *Parker v. State,* 626 S.W.2d 738 (Tex.Crim. App.1981) implicitly holding, in complete absence of any stated rationale, that article 37.14 of the Code of Criminal Procedure (providing that a defendant *prosecuted* for an offense, but convicted of a lesser offense, has been acquitted of the higher offense) applies to situations where the State moves to reduce a charged offense before trying a defendant for a lesser offense. The issue should be revisited because: (1) no statutory construction of the term "prosecuted" in article 37.14 was conducted in *Parker;* (2) it was implicitly assumed in *Parker* that "prosecuted" meant "indicted"; (3) a proper statutory construction of the term "prosecuted" leads to the meaning "tried"; and (4) following *Parker* has led to the unjust result that the State continues to be bound to abide by its part of a plea bargain after a defendant is released from his part, creating a conflict with *Shannon v. State,* 708 S.W.2d 850 (Tex. Crim.App.1986) (holding that when a plea bargain agreement becomes impossible to enforce, both parties are returned to the position in which they were prior to the agreement).

### A. The *Parker* Decision

In *Parker,* the State moved to reduce a charge of aggravated robbery to the lesser included offense of robbery. 626 S.W.2d at 740. The accused then entered a plea of guilty to robbery, was found guilty, and the case was reset to conduct a pre-sentence investigation. *Id.* The next docket sheet entry showed the trial court allowed the accused to withdraw his plea of guilty and enter a plea of not guilty. *Id.* at 739. As the opinion on rehearing in *Parker* makes plain, the record did not reflect that the State's motion to reduce the charge and the accused's plea of guilty were part of a plea bargain agreement. *Id.* at 741. Parker was then found guilty of the original offense of aggravated robbery and appealed on the basis that he should have only been prosecuted for robbery. *Id.* at 739.

In *Parker,* the court first concluded, without setting forth any reasoning or authority, that the effect of the trial court's action allowing the accused to withdraw his plea weeks after he had been adjudged guilty was to grant the accused a new trial. 626 S.W.2d at 740. The Court of Criminal Appeals has since disavowed this pronouncement in *Parker* as misleading *dicta. See Wilson v. State,* 698 S.W.2d 145, 146 (Tex.Crim.App.1985).

After concluding the effect was to grant a new trial, the Court of Criminal Appeals in *Parker* applied article 37.14 of the Code of Criminal Procedure, which provides:

> If a defendant, prosecuted for an offense which includes within it lesser offenses, be convicted of an offense lower than that for which he is indicted, and a new trial be granted him, or the judgment be arrested for any cause other than the want of jurisdiction, the verdict upon the first trial shall be considered an acquittal of the higher offense; but he may, upon a second trial, be convicted of the same offense of which he was before convicted, or any other inferior offense.

TEX.CODE CRIM. P. ANN. art. 37.14 (Vernon 1981). Again without stating any reason or

626 S.W.2d at 739. Thus, the authority of *Gooden* on this point of law is questionable.

citing any authority, the court held that adjudication of guilt for the offense of robbery operated as an acquittal for the higher grade of offense, aggravated robbery. *Parker*, 626 S.W.2d at 740. On motion for rehearing, the court explained it was simply enforcing the jeopardy protection that arose out of the first conviction. *Id.* at 741.

The effect of *Parker* was to construe the article 37.14 term "prosecuted" as meaning "indicted." The meaning of article 37.14 was thus implicitly determined to be "If a defendant *indicted* for an offense which includes within it lesser offenses, be convicted of an offense lower than that for which he is indicted, and a new trial be granted him, or the judgment be arrested for any cause other than the want of jurisdiction, the verdict upon the first trial shall be considered an acquittal of the higher offense." Noticeably absent, however, from the *Parker* opinion is any hint of statutory construction.

### B. Statutory Construction

Article 1.26 of the Code of Criminal Procedure is entitled "Construction of this Code"; it states: "The provisions of this code shall be liberally construed, so as to attain the objects intended by the Legislature: The prevention, suppression and punishment of crime." TEX.CODE CRIM. P. ANN. art. 1.26 (Vernon 1977). "All words, phrases and terms in this Code are to be taken and understood in their usual acceptation in common language, except where specially defined." TEX.CODE CRIM. P. ANN. art. 3.01 (Vernon 1977).

When we interpret statutes, we seek to effectuate the collective intent or purpose of the legislators who enacted the legislation. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim.App.1991). We necessarily focus on the literal text and attempt to discern the fair, objective meaning at the time of its enactment. *Id.* Ordinarily, we give effect to the plain meaning, unless it leads to absurd consequences. *Id.*

Thus, pursuant to article 3.01, the initial determination is whether "prosecuted" or "prosecuted for an offense" has been specially defined. It does not appear to have been specially defined within the Code of Criminal Procedure. Article 3.01 prescribes that the term then be taken in its usual meaning in common language. Black's Law Dictionary defines "prosecute" as "to follow up; carry on an action or other judicial proceeding; to proceed against a person criminally." The dictionary definition of "prosecute" includes: (1) to follow to the end; (2) to engage in; (3) to pursue for redress or punishment of a crime or violation of law in due legal form before a legal tribunal; and (4) to institute legal proceedings. WEBSTER'S NEW COLLEGIATE DICTIONARY, 1973. An examination of the common meanings of the term "prosecute" produces two possible meanings of the term: (1) indict (institute proceedings); and (2) try (pursue before a legal tribunal).

In the face of this ambiguity, it is permissible to consider statutory construction aids, such as those codified in section 311.023 of the Government Code. *See Boykin*, 818 S.W.2d at 785–86 n. 4. Section 311.023 is entitled "Statute Construction Aids"; it provides:

In construing a statute, *whether or not the statute is considered ambiguous on its face*, a court may consider among other matters the:

(1) object sought to be attained;

(2) circumstances under which the statute was enacted;

(3) legislative history;

(4) common law or former statutory provisions, including laws on the same or similar subjects;

(5) consequences of a particular construction;

(6) administrative construction of the statute; and

(7) title (caption), preamble, and emergency provision.

TEX. GOV'T CODE ANN. § 311.023 (Vernon 1988) (emphasis added).[1]

Three statutory aids appear to be pertinent here: (1) object sought to be obtained;

---

[1]. It appears that the mandate of *Boykin* to not consider legislative history if the statute is unambiguous is contrary to the plain language of section 311.023. I also urge the Court of Criminal Appeals to address this inconsistency.

(2) laws on the same or similar subject; and (3) consequences of a particular construction. A fourth consideration is the chapter location within the Code of Criminal Procedure.

**1. Object sought to be obtained.** Article 37.14 is obviously designed to provide double jeopardy protection. It is clear under both the Texas Constitution and Code of Criminal Procedure that double jeopardy protection is against being *tried* twice for the same offense. TEX. CONST. art. I, § 14; TEX.CODE CRIM. P. ANN. art. 1.10 (Vernon 1977). Thus, the object sought to be obtained is more consistent with construing "prosecuted" as "tried" rather than "indicted."

**2. Laws on the same subject.** The most closely related statute to article 37.14 is article 37.08 which authorizes conviction of a lesser included offense: "In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense." TEX.CODE CRIM. P. ANN. art. 37.08 (Vernon 1981). It is clear that "prosecution" in article 37.08 is used in the sense of trying, or pursuing before a legal tribunal, as opposed to indicting, or instituting criminal proceedings.

**3. Consequences of a particular construction.** Perhaps most telling are the consequences of the respective constructions. This Court followed *Parker* in *Boulos v. State,* 775 S.W.2d 8 (Tex.App.—Houston [1st Dist.] 1989, pet. ref'd). The result was to allow a defendant who had entered into a plea bargain agreement with the State, which included the State reducing the offense prosecuted, to be released from his obligations under the agreement while requiring the State to still be bound by one of its obligations. This was not only an unfair result; it also conflicts with the *Shannon* case from the Court of Criminal Appeals that puts both parties back into the position they were in prior to the plea bargain when a defendant successfully challenges the agreement on appeal. *See Shannon,* 708 S.W.2d at 852. The Beaumont Court of Appeals was faced with the same issue before us here and in *Boulos;* it chose to follow *Shannon* and distinguish *Parker. See State v. Gent,* 887 S.W.2d 271,

273–74 (Tex.App.—Beaumont 1994, pet. ref'd). The split in authority between this Court and the Beaumont Court of Appeals is another reason I urge the Court of Criminal Appeals to reexamine *Parker.*

In addition to the unfair consequences of following *Parker,* the *Parker* "construction" is also antithetical to the express legislative intent that provisions of the Code of Criminal Procedure be construed liberally to attain the objects of prevention, suppression, and punishment of crime. TEX.CODE CRIM. P. ANN. art. 1.26 (Vernon 1977).

**4. Chapter Location**

In determining whether "prosecuted" means "tried" or "indicted," it is noteworthy that article 37.14 is located in Chapter 37, entitled "The Verdict." It is not found in Chapter 21, entitled "Indictment and Information." The Code of Criminal Procedure is generally organized chronologically according to the natural course of criminal proceedings. The location of article 37.14 in a chapter covering matters occurring toward the end of the criminal proceedings is another factor militating toward a construction of "tried," rather than "indicted," for "prosecuted."

**C. Application to This Case**

In this case, appellant was indicted for aggravated robbery. The prosecutor wrote on the plea of no contest, "State moves to reduce case to robbery." The document also stated appellant's intention to enter a plea of no contest and an acknowledgement the prosecutor would recommend a punishment of 40–years confinement to which appellant agreed. The original judgment also reflected the terms of the plea bargain as including "offense is reduced to robbery" and "40 years TDC [Texas Department of Corrections] no-naggravated." On August 29, 1994, appellant pled no contest to robbery, and the court found him guilty and sentenced him to 40–years confinement. The docket sheet reflects a motion for new trial was filed, and it was granted by the trial court on the same day as the plea.

On August 31, 1994, the case was tried to a jury on the aggravated robbery charge and the lesser included offense of robbery. Appellant objected to the inclusion of aggravat-

ed robbery in the jury charge based on the State's failure to prove use of a deadly weapon. Appellant did not object on the basis now raised on appeal.[2]

I would conduct a thorough statutory construction of article 37.14 and conclude that it does not apply to the situation here where appellant was not tried for aggravated robbery in the first trial. When appellant successfully moved for a new trial, the parties were placed back in their respective positions before the plea bargain. Thus, the State was entitled to prosecute appellant for aggravated robbery in the second trial.

### Conclusion

Accordingly, I reluctantly concur in the mixed windfall appellant is receiving. On the one hand appellant's second conviction for robbery is reversed. On the other hand, appellant will now go back to stand trial a third time facing the prospect of receiving the same life sentence assessed in his second trial.

---

**2.** While the State argues this constituted waiver, a prior acquittal would have constituted a jurisdictional barrier to further prosecution for the same offense that cannot be waived by lack of objection. *See Boulos,* 775 S.W.2d at 10.