Marvin Lester WINDOM, Appellant,

v.

STATE of Texas, Appellee.

No. 909–97.

Court of Criminal Appeals of Texas, En Banc.

May 20, 1998.

Tom Zakes, Houston, for appellant.

Kevin P. Yeary, Asst. District Attorney, Houston, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge, delivered the opinion for a unanimous Court.

Appellant was indicted for aggravated robbery. Pursuant to a plea agreement, appel-

lant pled no contest to the reduced charge of robbery and was sentenced to confinement for forty years. For reasons not reflected in the record, later that same day, the trial court granted appellant's motion for new trial. Shortly thereafter, appellant was tried for aggravated robbery. The jury convicted appellant of the lesser included offense of robbery and the trial judge assessed punishment at confinement for life. Appellant appealed, contending the subsequent prosecution for aggravated robbery was barred by the Double Jeopardy Clause of the United States Constitution and the Texas Constitution, and Tex.Code Crim. Proc. Ann. art. 37.14.[1] The Court of Appeals agreed holding art. 37.14 barred appellant's subsequent prosecution on the same indictment for aggravated robbery after the trial judge had granted the motion for new trial. *Windom v. State*, 961 S.W.2d 267 (Tex.App—Hous.(1 Dist.)1997). We granted the State's petition for review to determine whether the Court of Appeals erred in holding that art. 37.14 barred the aggravated robbery prosecution.

### I.

The Court of Appeals relied on *Parker v. State*, 626 S.W.2d 738 (Tex.Cr.App.1981) (Op. on Reh'g), to hold art. 37.14 barred reprosecution for the greater offense of aggravated robbery. In *Parker*, the trial judge had granted the State's motion to reduce the charge from aggravated robbery to robbery "prior to trial." Parker pled guilty to the reduced charge and the trial judge found Parker guilty of robbery. However, for reasons not contained in the record, the trial judge subsequently allowed Parker to withdraw his plea. Later, the trial judge found appellant guilty of the greater offense of aggravated robbery. *Id.* On original submission, this Court held Parker's conviction for aggravated robbery was barred by art. 37.14. *Id.*, at 740.

---

1. Tex.Code Crim. Proc. Ann. art. 37.14, Acquittal of Higher Offense as Jeopardy:

    If a defendant, prosecuted for an offense which includes within it lesser offenses, be convicted of an offense lower than that for which he is indicted, and a new trial be granted him, or the judgment be arrested for any cause other than the want of jurisdiction, the verdict upon the first trial shall be considered an acquittal of the higher offense; but he may, upon a second trial, be convicted of the same offense of which he was before convicted, or any other inferior thereto.

The State filed a motion for rehearing contending the decision on original submission "could mean the demise of plea bargaining in the State of Texas ..." *Id.* at 741 (Op. on Reh'g). In overruling that motion the Court explained the holding in *Parker* was premised on the fact there was *no* plea bargain agreement. *Id.* Thus, "[t]o describe what occurred [in *Parker*], as is done in the State's brief, as a situation where 'the state is bound by its "promise" when the defendant breaks his,' is to misrepresent what happened." *Id.* The logical implication from *Parker* is that if a plea agreement had been involved, the result would be different.

*Parker* is similar to the instant case only to the extent both cases involved pleas, withdrawal of those pleas, and reprosecution for the greater offense. However, the cases are distinguishable in that the *plea in the instant case was negotiated* whereas *Parker* was premised upon there being *no* plea agreement. Accordingly, *Parker* does not control the instant case and the reasons stated in Judge Odom's opinion overruling rehearing in *Parker* lay the groundwork for the State's argument in the instant case.

## II.

*Santobello v. New York,* 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), is the seminal Supreme Court case on plea agreements. In *Santobello* the defendant was charged with the first degree felonies of Promoting Gambling, and Possession of Gambling Records. *Id.,* 404 U.S. at 257, 92 S.Ct. at 497. However, pursuant to a plea agreement, the defendant pled guilty to the lesser included offense of Possession of Gambling Records. *Id.* As a part of the plea agreement, the State would not recommend a specific sentence. *Id.,* 404 U.S. at 259, 92 S.Ct. at 497. However, at sentencing, the prosecutor who negotiated the plea had been replaced by another prosecutor who requested the maximum sentence of one year. The judge said

he was not influenced by the prosecutor's recommendation, but sentenced petitioner to the maximum one year sentence anyway, based on the pre-sentence report. *Id.,* 404 U.S. at 259–260, 92 S.Ct. at 497–98. The United States Supreme Court granted *certiorari,* and explained:

> On this record, petitioner 'bargained' and negotiated for a particular plea in order to secure dismissal of more serious charges, but also *on condition that no sentence recommendation would be made by the prosecutor.* It is now conceded that the promise to abstain from a recommendation was made, and at this stage the prosecution is not in a good position to argue that its inadvertent *breach of agreement* is immaterial.

*Santobello,* 404 U.S. at 262, 92 S.Ct. at 499. The *Santobello* Court reversed and remanded the case to the state court to fashion the ultimate remedy. In so doing, the Court stated: "If the state court decides to allow withdrawal of the plea, the petitioner will, of course, plead anew to the *original* charge on two felony counts." *Id.,* 404 U.S. at 263, fn. 2, 92 S.Ct. at 499, fn. 2.

In *Shannon v. State,* 708 S.W.2d 850, 852 (Tex.Cr.App.1986), this Court "... distinguished the 'negotiated guilty' plea from either 'not guilty' pleas or 'guilty' pleas without a recommendation." In accord with the principle that a plea bargain is an "*exchange of benefits,*" the *Shannon* Court held: "... when a defendant, who has entered a *negotiated* plea of guilty, challenges the conviction and is successful, the appropriate remedy is specific performance, of the plea, if possible, or, if not, withdrawal of the plea, with both parties, including the State, returned to their original positions." *Id. See also, State v. Gent,* 887 S.W.2d 271 (Tex.App.—Beaumont 1994, pet. ref'd) (declining to follow *Parker* because *Shannon* is controlling in cases involving negotiated pleas).[2]

---

2. The holding in *Shannon* tracks the same language of other cases from this Court likening the plea bargain agreement to a "contract." *See e.g., Bordenkircher v. Hayes,* 434 U.S. 357, 363, 98 S.Ct. 663, 669, 54 L.Ed.2d 604(1978) (explaining plea bargains "flow[] from the 'mutuality of advantage' to defendants and prosecutors, each

with his own reasons for wanting to avoid trial."); *Jones v. Estelle,* 584 F.2d 687 (5th Cir. 1978) (explaining that when a defendant agrees to the terms of a plea bargain agreement he becomes a party to a "contract"); *Hoang v. State,* 872 S.W.2d 694, 698 (Tex.Cr.App.1993) (holding the State as well as the appellant is

### III.

The instant case presents a situation where both appellant and the State exchanged benefits to obtain a plea agreement: the State agreed to reduce the charge from aggravated robbery to robbery in exchange for appellant's plea of no contest to the lesser offense; appellant, in turn, offered to plead no contest in exchange for the benefit of having the charge reduced from aggravated robbery to robbery. When the trial judge granted appellant's motion for new trial, that agreement was voided. The law is clear under *Santobello* and *Shannon* that if appellant withdraws his negotiated plea, the remedy is to return the parties to their original positions. Therefore, the Court of Appeals erred in holding the subsequent prosecution for aggravated robbery was barred by article 37.14.

The judgment of the Court of Appeals is reversed and the case is remanded to that Court to consider appellant's remaining points of error.

entitled to the benefit of its bargain in a plea agreement); *Ex parte Williams,* 637 S.W.2d 943 (Tex.Cr.App.1982) (explaining plea bargains consist of the prosecutor making concessions regarding specific punishment or reduced charges in exchange for the defendant's plea of guilty); and *Joiner v. State,* 578 S.W.2d 739 (Tex.Cr.App. 1979) (holding when a plea bargain is not kept the proper relief is either specific enforcement of the agreement or withdrawal of the plea).