**Harvey Lavern DIXON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–98–00331–CR, 01–98–00332–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 20, 1998.

Discretionary Review Refused Dec. 16, 1998.

Rehearing Overruled Sept. 24, 1998.

Mark J. Kelly, Texas City, for Appellant.

Charles R. Roach, Kountze, for Appellee.

Before SCHNEIDER, C.J., and O'CONNOR and TAFT, JJ.

## OPINION

O'CONNOR, Justice.

Appellant, Harvey Lavern Dixon, appeals from the denial of his petition for writs of habeas corpus on double jeopardy grounds. We affirm.

Appellant was originally indicted for murder in cause numbers 91CR1127 and 91CR1128. After the jury was sworn in cause number 91CR1128, as part of a plea bargain agreement, the State reduced the charge to voluntary manslaughter, and appellant pled guilty; the indictment in cause number 91CR1127 was dismissed.

Appellant exhausted his state appeals in cause number 91CR1128 and filed a writ of habeas corpus in federal court alleging that his plea was involuntary because of ineffective assistance. The federal court agreed and set aside the guilty plea and sentence in cause number 91CR1128 and set aside and vacated the dismissal in cause number 91CR1127

The State sought to try appellant on the original murder charge. Appellant filed a pretrial writ of habeas corpus in each cause contending that his prosecution for murder is barred by the double jeopardy clauses of the United States and Texas Constitutions as well as Tex.Code Crim. P. Ann. art. 37.14 (Vernon 1994). The trial court denied habeas corpus relief. These appeals followed.

■ The resolution of this case is governed by the recent decision of the Court of Criminal Appeals in *Windom v. State*, 968 S.W.2d 360 (Tex.Crim.App.1998). In that case, the defendant was indicted for aggravated robbery. As a part of a plea bargain agreement, the State reduced the charge to robbery, and the defendant pled guilty. *Windom*, at 361. The defendant filed a motion for new trial, which the trial court granted. *Id.* Appellant was tried and convicted of aggravated robbery. *Id.* The court held that if the State, as part of a plea bargain agreement, reduces the charges against a defendant in exchange for a guilty plea, and the defendant successfully challenges the conviction, both parties are returned to their original position. *Id.*, at 362. As a result, there is no double jeopardy bar to retrying the defendant for the greater offense. *Id.*

■ In this case, in return for the State's agreement to reduce the charge from murder to voluntary manslaughter, appellant agreed to plead guilty to the lesser charge. Appellant then successfully challenged his conviction on the lesser charge by way of habeas corpus in the federal court. Under *Windom*, the State is not barred from prosecuting appellant for the greater offense of murder.

We overrule points of error one through three.

We affirm the judgments.