**B.J. FRANKLIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–98–00055–CR.**

Court of Appeals of Texas, Texarkana.

Argued April 13, 1999.

Decided May 14, 1999.

Craig L. Henry, Attorney at Law, Texarkana, for appellant.

Nicole Habersang, Assistant District Attorney, Bobby Lockhart, Criminal District Attorney, Texarkana, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

Opinion by Justice ROSS.

B.J. Franklin appeals from his conviction for the offense of aggravated assault by threat with a deadly weapon. He was found guilty by a jury, and his punishment, enhanced, was assessed at imprisonment for ninety-nine years.

Franklin contends that his conviction is void according to statute and contends that it violates the double jeopardy clause of the Fifth Amendment to the United States Constitution. He further contends that the trial court erred by admitting hearsay evidence, by allowing a witness to testify in such a manner as to violate his right to confrontation, and by failing to grant his request that the jury be charged on a lesser included offense.

It is the procedural background of this case that gives rise to many of the contentions of error. When this prosecution first commenced, Franklin was charged by indictment with the offense of deadly conduct, a third degree felony, pursuant to TEX. PEN.CODE ANN. § 22.05(b) (Vernon 1994). The indictment also contained an enhancement paragraph alleging one prior felony conviction. Pursuant to a plea agreement with the State, Franklin was convicted on his plea of guilty and sentenced to imprisonment for ten years. Immediately thereafter, he filed a motion for new trial, which was granted. The State then obtained a new indictment against Franklin, specifying the same conduct but alleging the offense of aggravated assault by threat with a deadly weapon, a felony of the second degree, pursuant to TEX. PEN. CODE ANN. § 22.02 (Vernon 1994). This indictment also alleged the same prior conviction for enhancement of punishment as did the other indictment. A jury trial then proceeded on his plea of not guilty. The jury found him guilty, found the enhancement paragraph to be true, and assessed his punishment at imprisonment for ninety-nine years.

The facts giving rise to this case are undisputed. Franklin was renting a house from Burleson Phillips' grandfather. Phillips and a friend, O.B. Campbell, went to the house in an attempt to collect rent from Franklin. Phillips and Campbell approached Franklin at the front of the house about the rent. Franklin refused to pay, went into the house, got a gun, came back out of the house, and fired it.

Franklin first contends that the judgment in this case is void because it violates a statutory restriction against being twice placed in jeopardy for the same conduct. He argues that he was impliedly acquitted of the greater offense of aggravated assault and that his present conviction for that offense, based on the same facts as the previously charged offense of deadly conduct, is void pursuant to Article 37.14 of the Texas Code of Criminal Procedure. This article reads as follows:

> If a defendant, prosecuted for an offense which includes within it lesser offenses, be convicted of an offense lower than that for which he is indicted, and a new trial be granted him, or the judgment be arrested for any cause other than the want of jurisdiction, the verdict upon the first trial shall be considered an acquittal of the higher offense; but he may, upon a second trial, be convicted of the same offense of which he was

before convicted, or any other inferior thereto.

TEX.CODE CRIM. PROC. ANN. art. 37.14 (Vernon 1981). A guilty plea constitutes a trial within the meaning of Article 37.14. *See Parker v. State*, 626 S.W.2d 738, 740 (Tex. Crim.App. [Panel Op.] 1981). The question is whether his prior conviction has any significance under these facts. There are a number of cases finding reversible error where a defendant is charged with a higher offense but convicted of a lesser-included offense, and upon retrial the State seeks and obtains a conviction for the higher offense. Those are not the facts of this case.

■ Article 37.14 does not, by its precise terms, apply to this factual situation. The closest match lies in cases where a defendant is indicted for an offense, pleads guilty to the lesser included offense, obtains a new trial, and is then convicted of the higher offense. Under those facts, the trial court may not convict the defendant for the higher offense because the conviction for the lesser included offense is an acquittal of the greater offense. *Boulos v. State*, 775 S.W.2d 8, 10 (Tex.App.Houston [1st Dist.] 1989, pet. ref'd), *citing Parker*, 626 S.W.2d 738.

■ In those cases where a plea bargain is involved, the appropriate remedy when the defendant successfully challenges the conviction is to require specific performance of the plea, or if not, withdrawal of the plea with both parties returned to their original positions. *Windom v. State*, 968 S.W.2d 360, 362–63 (Tex.Crim.App.1998). In those cases, the subsequent prosecution for the higher offense is not barred by Article 37.14. *Id.* at 363.

■ The inherent problem in applying the analysis of these cases to the instant case is in the fact that they all involve situations where the defendant is *indicted for* the higher level offense and, either

through trial or plea proceedings, is convicted of the lower level offense. This case is factually different because Franklin was originally indicted for the lower level offense. It is thus difficult to say that the State either traded away its ability to seek the higher level offense through a plea agreement or that Franklin's conviction was either a real or implied acquittal of the higher offense, simply because that offense was not charged. Because of these facts, Article 37.14 does not apply, and that contention of error is overruled.

Franklin further contends that the constitutional protection against double jeopardy controls this situation. In analyzing this case to see whether double jeopardy applies, we begin with the double jeopardy clause of the Fifth Amendment, which provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb; . . . ." U.S. CONST. amend. V. It protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 104 L.Ed.2d 487, 496 (1989); *State v. Perez*, 947 S.W.2d 268, 270 (Tex.Crim.App.1997).

■ To determine whether jeopardy attached, the court must inquire whether each offense contains an element not contained in the other. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306, 309 (1932). If a different element is present, double jeopardy does not attach. *Id.* However, if each element of the offense in the first indictment is identical to the offense in the second indictment, double jeopardy attaches and bars successive prosecutions.[1] *Id.; United States v. Dixon*, 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993).

1. For purposes of determining double jeopardy, the indictment is material and the jury charge immaterial. *Ladner v. Smith*, 941 F.2d 356, 361 n. 12 (5th Cir.1991); *see Lewis v. State*, 889 S.W.2d 403, 406 (Tex.App.Austin 1994, pet. ref'd).

The essential elements relevant to a double jeopardy inquiry are those of the charging instrument, not of the penal statute itself. Although statutory elements will always make up part of the accusatory pleading, additional nonstatutory allegations are necessary in every case to specify the unique offense with which the defendant is charged. *Parrish v. State*, 869 S.W.2d 352, 354 (Tex.Crim.App.1994). The relevant factors to focus on in the charging instruments include the time and place of the offense, the identity of the defendant, the identity of the complainant, and the manner and means used in committing the offenses. *Id.*

In this case, the acts for which Franklin was prosecuted are precisely the same. In applying the factors set out above, the time and place of the offense are identical, the identity of the defendant and complainant are identical, and the manner and means used in committing the offense are also identical. Franklin was clearly charged with a different statutory penal offense for precisely the same conduct.

Double jeopardy cannot apply in this case, however, because the conviction in the original case is not final. An accused cannot claim the protection of double jeopardy when the premature termination of the proceeding against him is brought about at his own request or with his apparent acquiescence. *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *Ortiz v. State*, 933 S.W.2d 102, 109 (Tex.Crim.App.1996).

Accordingly, the double jeopardy issue does not apply because Franklin obtained a new trial on his prior conviction at his request, and there is no indication that the sufficiency of the evidence played any part in the grant.

Franklin next contends that the court erred by admitting hearsay evidence that Burleson Phillips was acting as an agent on behalf of his uncle in attempting to collect rent from Franklin, and by admitting this testimony also violated his right to confront the witnesses against him. At the time of the incident that led to this prosecution, the house was owned by Phillips' uncle.

The State initiated this particular testimony by asking Burleson Phillips, "Who told you to go out there and collect rent?" Counsel objected based upon hearsay. The court overruled the objection. The State then asked Phillips, "Did anybody appoint you [as] an agent to go out there and collect rent?" Counsel again made a hearsay objection, and the objection was again overruled.

Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Tex.R. Evid. 801. The first question does not ask Phillips to repeat a statement made by someone else. Phillips had previously testified without objection that his purpose in going to the house was to collect rent from Franklin or give him an eviction notice. The first question is based upon evidence in the record and does not ask Phillips to repeat out-of-court statements made by another individual. The hearsay objection was properly overruled as to that question.

The second question likewise does not ask the witness to repeat statements made by any other person, but instead asks the witness whether the statement was made. Indeed, the question is not whether any statement by the principal purporting to own the property is true, or even whether the principal had the authority to make Phillips an agent. The question is whether words were used that Phillips believed made him an agent. In this situation, the making of the statement is treated as an operative fact because it is relevant in itself. Thus, evidence that the statement was made is not barred by the hearsay rule. Words of a principal that purport to create authority in an agent are words that prove an operative fact. *See*

*Black v. State,* 46 Tex.Crim. 590, 81 S.W. 302, 304–05 (1904); TEXAS RULES OF EVIDENCE HANDBOOK 734 (3d Ed.1998). The court did not err by overruling the hearsay objection. This point of error is overruled.

Based upon his contention that the testimony was inadmissible hearsay, Franklin also argues that his right to confrontation was violated by its admission because he had no chance to cross-examine the principal. Because the testimony was not a hearsay rendition of a third party's out-of-court statement, and because he had the opportunity to cross-examine the witness who testified, Franklin was not denied his right of confrontation.

■■■ Franklin next contends that the trial court erred by failing to grant his two specifically requested charges on a lesser included offense of deadly conduct. He submitted the charges to the trial court, seeking a charge on both the misdemeanor and felony versions of the offense. A defendant is entitled to a charge on a lesser offense if (1) the lesser offense is included within the proof necessary to establish the offense charged, and (2) there is some evidence that would permit the jury rationally to find that if the defendant is guilty, he is guilty only of the lesser offense. *Rousseau v. State,* 855 S.W.2d 666, 672–73 (Tex.Crim.App.1993); *Dowden v. State,* 758 S.W.2d 264, 268 (Tex.Crim.App.1988); *Royster v. State,* 622 S.W.2d 442, 446 (Tex.Crim.App. [Panel Op.] 1981) (opinion on reh'g).

The offense of deadly conduct can be a misdemeanor or a felony. TEX. PEN.CODE ANN. art. 22.05 (Vernon 1994) provides:

(a) A person commits an offense if he recklessly engages in conduct that places another in imminent danger of serious bodily injury.

(b) A person commits an offense if he knowingly discharges a firearm at or in the direction of:

(1) one or more individuals; or

(2) a habitation, building, or vehicle and is reckless as to whether the habitation, building, or vehicle is occupied.

(c) Recklessness and danger are presumed if the actor knowingly pointed a firearm at or in the direction of another whether or not the actor believed the firearm to be loaded.

. . . .

(e) An offense under Subsection (a) is a Class A misdemeanor. An offense under Subsection (b) is a felony of the third degree.

It is apparent that the offense of deadly conduct is ·a Class A misdemeanor under subsection (a) if it is committed *recklessly,* and is a felony of the third degree under subsection (b) if committed *knowingly.* Aggravated assault is a second degree felony.[2]

The testimony shows that when Phillips and his companion attempted to collect rent from Franklin, he refused to pay and told them to wait while he went into the house because he had something for them. Phillips and his companion got back into their car while waiting for Franklin. Franklin came out of the house with a pistol. Phillips, who was driving, testified that Franklin was pointing the pistol in the direction of the car, so he started to back out of the yard. Franklin fired the pistol. Phillips testified that Franklin pointed the pistol at him, and that while he was backing out, Franklin fired the pistol. When directly asked whether Franklin had fired the pistol in his direction, Phillips testified that he simply did not know, because he was not looking toward Franklin at the time. Neither the individuals nor the au-

**2.** A person commits aggravated assault if the person commits assault under TEX. PEN.CODE ANN. § 22.01 (Vernon 1994 & Supp.1999), and also either causes serious bodily injury to another or uses or exhibits a deadly weapon during the commission of the assault. TEX. PEN.CODE ANN. § 22.02(a)(1), (2) (Vernon 1994). A person commits assault under TEX. PEN.CODE ANN. § 22.01(a)(2) if the person intentionally or knowingly threatens another with imminent bodily injury.

tomobile was hit by a bullet. The distance involved was less than twenty-five yards.

Phillips' companion, O.B. Campbell, testified on direct examination that Franklin was pointing the pistol at the car when he fired. On cross-examination, however, he qualified that statement to explain that he saw Franklin pointing the pistol toward the car and ducked down below the dashboard, and that after he did so, he heard the shot. He admitted that the pistol could have been pointed in some other direction when the trigger was actually pulled.

■ The State recognizes that the offense of reckless deadly conduct may be a lesser included offense of aggravated assault,[3] but contends that Franklin was not entitled to the charge because there was no evidence from which a jury could have found that if Franklin was guilty, he was guilty only of recklessly engaging in conduct that placed another in imminent danger of serious bodily injury. The definitions of culpable mental states are important in this consideration.[4]

The statute defining deadly conduct provides that recklessness and danger are presumed if the actor knowingly points a firearm at or in the direction of another, whether or not the actor believed the firearm to be loaded. This presumption is inapplicable, however, where the evidence shows, as here, that all of the actor's conduct with reference to use of the weapon was *intentional* conduct. In this case, all

the evidence shows is that in Franklin's use of his gun on the occasion in question, it was his conscious objective or desire to engage in the conduct or cause the result. Conversely, there is no evidence that, in his use of that weapon, he acted only *knowingly* or *recklessly*. Instead, all of the evidence shows that he intentionally pointed the pistol with the conscious intent to threaten another with imminent bodily injury. The trial court therefore did not err by refusing the requested charge on misdemeanor deadly conduct.

■ The further question, and the one not addressed by the State in its brief, is whether the requested charge on the felony offense of deadly conduct should have been submitted to the jury. The State has argued at length in its brief that it successfully proved that Franklin's act in using a gun was either knowing or intentional in nature. As stated above, we agree that his act was intentional. However, the felony offense of deadly conduct requires the *knowing* act of discharging a firearm at or in the direction of one or more individuals or at or in the direction of a habitation, building, or vehicle. Thus, if the State's reasoning is fully correct in its analysis of whether or not misdemeanor deadly conduct should have been submitted to the jury, its argument that the acts were obviously knowing or intentional in nature supports Franklin's contention that the culpable mental state required for felo-

---

3. *Bell v. State*, 693 S.W.2d 434, 438 (Tex. Crim.App.1985).

4. TEX. PEN.CODE ANN. § 6.03 (Vernon 1994) reads in pertinent part as follows:
   § 6.03. **Definitions of Culpable Mental States**
   (a) A person acts intentionally, or with intent, with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.
   (b) A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances

exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.
   (c) A person acts recklessly, or is reckless, with respect to circumstances surrounding his conduct or the result of his conduct when he is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

ny deadly conduct was before the jury. In its brief, the State takes the position that there is evidence that Franklin fired the pistol at Phillips and Campbell. We disagree. The evidence shows that Franklin came out of the house with a gun and pointed it at Phillips and Campbell. Phillips and Campbell testified that they saw him pointing a gun at them. They both then testified that they looked in different directions and that is when Franklin fired the gun. They both admitted that they did not know in which direction he fired. In order to be entitled to a charge on felony deadly conduct, there had to be some proof that he fired the gun at them or in their direction. In the absence of any such proof, he would not be entitled to the charge.[5] This point is overruled.

■ Franklin next contends that the trial court erred by admitting, at the punishment stage of the trial, testimony from a Child Protective Services (CPS) worker that Franklin, his wife, and his stepdaughter are all H.I.V. positive. He contends that the evidence was hearsay and that his right to confrontation was therefore violated by its admission. The CPS worker testified she was aware that Franklin, his wife, and stepdaughter were H.I.V. positive because the members of the family had so informed her and also because she had examined the personal medical records of the family, which reflected that these three family members were H.I.V. positive. She also testified that as a part of her job as a case worker for CPS, she had counseled Franklin and the others on numerous occasions about treatment for the disease and methods of preventing its spread.

TEX.R. EVID. 803(3) provides that a statement by a declarant about his then-existing physical condition or bodily health is not excluded by the hearsay rule. Under these facts, it appears that Franklin and the other members of the family informed the CPS worker, or at least agreed with her, that they were H.I.V. positive. In such a situation, the statements were not excluded by the hearsay rule and were admissible.

■ Similarly, it is arguable that TEX.R. EVID. 803(24) may permit the admission of the testimony as a statement against interest made by the declarant. A portion of that rule provides that a statement that would make the declarant an object of hatred, ridicule, or disgrace so that a reasonable person in the declarant's position would not have made the statement unless be believed it to be true is not excluded by the hearsay rule. Such firmly rooted exceptions to the hearsay rule do not violate the confrontation clause of the Constitution. *Utsey v. State*, 921 S.W.2d 451, 455 (Tex.App.Texarkana 1996, pet. ref'd). The trial court did not err in admitting this testimony.

The judgment is affirmed.

### Concurring Opinion by Justice GRANT

The conclusion mandated by the Penal Code in the present case causes a curious result. However, it must be recognized that the Legislature cannot contemplate every possible fact situation. The majori-

---

5. We further note that felony deadly conduct, as described by the statute, is not technically a lesser included offense of aggravated assault by threat, because it does not require the proof of less than all the facts required to prove aggravated assault, nor does it require a less culpable mental state, since felony deadly conduct requires a knowing mental state, while aggravated assault requires the mental state to be either knowing or intentional. Indeed, were it not for the fact that the Legislature has defined felony deadly conduct as a third degree felony, and defined aggravated assault as a second degree felony, the statutory definition of lesser included offense would indicate that aggravated assault was actually a lesser included offense of felony deadly conduct. Felony deadly conduct requires proof that the defendant "discharge[d] a firearm at or in the direction of," while aggravated assault only requires proof that the defendant used or exhibited a firearm. TEX.CODE CRIM. PROC. ANN. art. 37.09 (Vernon 1981); TEX. PEN.CODE ANN. §§ 22.05, 22.02 (Vernon 1994).

ty opinion holds that if the evidence had shown that B.J. Franklin had knowingly fired the gun in the direction of the victim, he would have had a right to a charge of the lesser included offense of deadly conduct under Section 22.05 of the Penal Code.[6] However, because the evidence did not show that he discharged the gun at or in the direction of the victim, he was not entitled to a lesser included offense, because the conduct of intentionally or knowingly threatening the victim with a gun was an aggravated assault under Section 22.02 of the Penal Code,[7] which was a more serious offense than firing the gun at the victim.

It is curious that firing a gun at the victim would be a less serious offense than the mere threatening of the victim with a gun.

Because of the provisions in the Penal Code, I respectfully concur.

---

6. TEX. PEN.CODE ANN. § 22.05 (Vernon 1994).

7. TEX. PEN.CODE ANN. § 22.02 (Vernon 1994).