

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,763 & AP-76,764

### Ex parte JESUS DE LEON, Applicant

### ON APPLICATIONS FOR HABEAS CORPUS
### CAUSE NOS. 06-CR-0405-G & 06-CR-2746-G
### IN THE 404ᵀᴴ DISTRICT COURT
### FROM CAMERON COUNTY

KELLER, P.J., filed a concurring opinion in which JOHNSON and COCHRAN, JJ., joined.

The plea agreement provided that applicant waived his right to appeal, applicant's attorney provided an affidavit saying that his understanding was that no appeal would be forthcoming, and the habeas judge found that applicant breached the plea agreement by appealing. I do not think that the pre-printed nature of the waiver of appeal makes it ambiguous, nor do I think that the trial judge can retroactively override a waiver of appeal after he has accepted the plea agreement. The habeas judge's finding that applicant breached the plea agreement first appears to me to be supported by the record.

But it does not matter. The plea agreement contains no "partial remedies" clause. That is, there is no provision that says that, if applicant breaches the agreement by appealing, the State can

prosecute applicant's brother while the remainder of the plea agreement remains in force. Absent a partial remedies clause, the State has three choices when a defendant breaches the plea agreement: (1) request specific performance, if that is possible,[1] (2) follow its end of the agreement, relinquish any rights lost as a result of the defendant's breach, and have the remaining portions of the agreement remain in effect,[2] or (3) have the entire agreement set aside.[3] Once the State prosecuted applicant's brother, it made options (1) and (2) impossible. Regardless of who breached the plea agreement first, once the State acted contrary to the plea agreement, it was no longer entitled to specific performance of any part of the agreement, and applicant was entitled to have the agreement set aside in its entirety.

With these comments, I concur in the Court's judgment.

Filed: June 5, 2013
Publish

---

[1] *State v. Moore*, 240 S.W.3d 248, 252 (Tex. Crim. App. 2007).

[2] *Ex parte Ervin*, 991 S.W.2d 804, 817 (Tex. Crim. App. 1999) (State can waive an illegal portion of a judgment and maintain the remainder of the plea agreement).

[3] *Windom v. State*, 968 S.W.2d 360, 362 (Tex. Crim. App. 1998).