IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,763 & AP-76,764





Ex parte JESUS DE LEON, Applicant





ON APPLICATIONS FOR HABEAS CORPUS


CAUSE NOS. 06-CR-0405-G & 06-CR-2746-G


IN THE 404TH DISTRICT COURT


FROM CAMERON COUNTY





 Keller, P.J., filed a concurring opinion in which Johnson and Cochran,
JJ., joined.



 The plea agreement provided that applicant waived his right to appeal, applicant's attorney
provided an affidavit saying that his understanding was that no appeal would be forthcoming, and
the habeas judge found that applicant breached the plea agreement by appealing. I do not think that
the pre-printed nature of the waiver of appeal makes it ambiguous, nor do I think that the trial judge
can retroactively override a waiver of appeal after he has accepted the plea agreement. The habeas
judge's finding that applicant breached the plea agreement first appears to me to be supported by the
record.

 But it does not matter. The plea agreement contains no "partial remedies" clause. That is,
there is no provision that says that, if applicant breaches the agreement by appealing, the State can
prosecute applicant's brother while the remainder of the plea agreement remains in force. Absent 
a partial remedies clause, the State has three choices when a defendant breaches the plea agreement:
(1) request specific performance, if that is possible, (1) (2) follow its end of the agreement, relinquish
any rights lost as a result of the defendant's breach, and have the remaining portions of the agreement
remain in effect, (2) or (3) have the entire agreement set aside. (3) Once the State prosecuted applicant's
brother, it made options (1) and (2) impossible. Regardless of who breached the plea agreement
first, once the State acted contrary to the plea agreement, it was no longer entitled to specific
performance of any part of the agreement, and applicant was entitled to have the agreement set aside
in its entirety.

 With these comments, I concur in the Court's judgment. 


Filed: June 5, 2013

Publish
1. State v. Moore, 240 S.W.3d 248, 252 (Tex. Crim. App. 2007).
2. Ex parte Ervin, 991 S.W.2d 804, 817 (Tex. Crim. App. 1999) (State can waive an illegal
portion of a judgment and maintain the remainder of the plea agreement).
3. Windom v. State, 968 S.W.2d 360, 362 (Tex. Crim. App. 1998).